# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DOROTHY G. VALENZULA,      )    Case No. ED CV 15-0578 JCG

              Plaintiff,      )    **MEMORANDUM OPINION AND**

       v.                     )    **ORDER**

CAROLYN W. COLVIN,         )

COMMISSIONER OF SOCIAL   )

SECURITY,                   )

            Defendant.     )

_____ )

Dorothy G. Valenzula ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of treating psychiatrist Dr. Christopher Fichtner. (*See* Joint Stip. at 4-10.) The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly rejected Dr. Fichtner's[1] opinion – that Plaintiff's "work ability is uncertain" and "it is doubtful she could maintain a 40-hour work week without decompensating," (*see* Administrative Record ("AR") at 24-25, 287) – for four reasons.

First, the opinion was not supported by objective evidence or the record. (*See* AR at 23-24); *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [a medical opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (reviewing court must affirm Commissioner's decision if it is based on findings of fact that are supported by substantial evidence in the "record as a whole"). For example: (1) the January 2011 and February 2012 mental status examinations were generally unremarkable; (2) the April 2012 consultative psychiatric evaluation indicated a functioning score that corresponded to only mild symptoms or difficulty functioning; (3) Plaintiff responded well to infrequent, conservative treatment of medication and physical therapy; (4) Plaintiff had no problems with attention or memory; and (5) got along well with others. (AR at 21, 23-24, 48, 75, 248-54, 276, 279, 289.)

Second, the opinion was inconsistent with the psychiatrist's own treatment notes, which indicated that Plaintiff had: (1) "normal" mental status results; and (2) "good" adherence and responses to medication. (*See* AR at 24, 287, 289); *see also Wilhelm v. Comm'r Soc. Sec. Admin.*, 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly rejected doctor's opinion because it contradicted her own treatment notes); *Kennelly v. Astrue*, 313 F. App'x 977, 978-79 (9th Cir. 2009) (ALJ properly discounted physician recommendations that were inconsistent with treatment notes).

---

[1] Counsel for Plaintiff mistakenly refers to the treating psychiatrist as "Dr. Wang." (Joint Stip. at 6.) It is clear from the quoted portion of the opinion, Plaintiff's argument in the Joint Stipulation, the ALJ's decision, and other parts of the record, that the opinion at issue is Dr. Fichtner's. (*See* Joint Stip. at 6-7; AR at 24-25, 286-87, 357.)

Third, the opinion did not show an understanding of the Social Security disability programs and evidentiary requirements.[2] (*See* AR at 24, 287); *see also* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) (ALJ properly considers whether a medical source lacks understanding of disability programs and their evidentiary requirements); *Scruggs v. Colvin*, 2016 WL 2894422, at *4 (W.D. Wash. Mar. 28, 2016) (ALJ properly discounted therapist's opinion because "it was not clear [the therapist] was familiar with the definition of 'extreme' and 'marked' contained in the Social Security Act and regulations"); *Dimasi v. Colvin*, 2015 WL 5842283, at *6 (C.D. Cal. Oct. 6, 2015) (ALJ properly accorded little weight to psychiatric opinion because evaluator was "not familiar with the Social Security Administration's precise disability guidelines").

Fourth, the opinion's conclusion on Plaintiff's "work ability" is an issue reserved for the Commissioner. (*See* AR at 25, 287); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ as to the existence of an impairment or the ultimate determination of disability."); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (statements by a medical source that a claimant is "disabled" or "unable to work" are "not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner"); *Dimasi*, 2015 WL 5842283, at *6 (ALJ properly accorded little weight to psychiatric opinion that claimant was "unable to sustain employment" because that was an issue reserved for the Commissioner).

Thus, the ALJ properly rejected the treating psychiatrist's opinion.

//

//

_____

[2] The treating psychiatrist did not explain any terms, and used vague descriptions such as "uncertain," "doubtful," and "unknown." (AR at 286-87.)

1    Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered

2 **AFFIRMING** the decision of the Commissioner denying benefits.

3

4 DATED:    *9-23-2016*

5 _____

6 Hon. Jay C. Gandhi
United States Magistrate Judge

7

8                              ***

9

10 **This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

11

12                              ***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28